# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM R. LYONS,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:14-cv-00173-HDM-WGC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  On June 25, 2014, respondents filed a motion to dismiss this action, along with relevant portions of the state court record.  (ECF Nos. 10, 11, 13).  On July 7, 2014, petitioner filed a motion for an extension of time in which to respond to the motion to dismiss.  (ECF No. 14).  By order filed July 9, 2014, the Court granted petitioner a ninety-day extension of time in which to file a response to the motion to dismiss.  (ECF No. 15).  Petitioner's response was due on October 7, 2014.

    Petitioner then filed a motion for a subpoena *duces tecum*, seeking documents from the justice court in his state criminal case.  (ECF No. 16).  Respondents filed an opposition to petitioner's motion, arguing that petitioner failed to show good cause for discovery.  Respondents also assert that they have already provided a lengthy state court record when they filed the motion to dismiss.  (ECF No. 17).  In habeas corpus actions, discovery is regulated by Rule 6 of the Rules Governing Section 2254 Cases.  Rule 6 provides that discovery in habeas corpus actions may be

invoked only after obtaining leave of court and upon a showing of good cause. Rule 6(a) states: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(b) states: "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6, Rules Governing Section 2254 Cases. "Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (citations omitted). "A habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant. Rather, discovery is available only in the discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d at 1068 (citing *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997) and Rule 6(a) of the Rules Governing Section 2254 Cases). Good cause to conduct discovery in a habeas action is based on several factors: (1) the request must be grounded on specific and demonstrable facts; (2) the request must establish a logical and direct nexus between the discovery sought and the claims pending before the court; (3) there must be real and factual evidence that the petitioner can point to in order to establish that the claims in the petition have a basis in fact and are more than mere speculation; and (4) the discovery request must be narrowly tailored to obtain specific and identifiable items. *Bracy v. Gramley*, 520 U.S. at 905-909. In this case, petitioner has not explained to this Court how the documents sought in the proposed subpoena *duces tecum* are relevant to this federal habeas proceeding. Because petitioner has failed to show good cause for this Court to permit discovery, petitioner's motion for a subpoena *duces tecum* is denied.

Petitioner has filed a second motion seeking an extension of time in which to file a response to the pending motion to dismiss. (ECF No. 18). Petitioner seeks an extension because he claims that without the documents that he would have obtained from his subpoena *duces tecum*, he is unable to properly address the motion to dismiss. (*Id.*). In this order, the Court denies petitioner's motion for a subpoena *duces tecum*. Petitioner should be able to properly address the motion to dismiss by reference to relevant portions of the state court record, which respondents have filed and served on petitioner. (ECF Nos. 11 & 13). The Court will grant petitioner twenty additional days in

which to file his response to the pending motion to dismiss. Respondents will then have seven days in which to file a reply, if they choose to do so. No further extensions of time will be granted regarding the briefing of the motion to dismiss.

Most recently, petitioner has filed a motion to file supplemental points and authorities in support of his petition. (ECF No. 19). The motion is denied, as petitioner is afforded the opportunity to file a response to the motion to dismiss, and if the petition survives the motion to dismiss, he will be afforded a future opportunity to file a reply to the answer.

**IT IS THEREFORE ORDERED** that petitioner's motion for a subpoena *duces tecum* (ECF No. 16) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time to file a response to the pending motion to dismiss (ECF No. 18) is **GRANTED,** to the extent that petitioner's response shall be filed within **twenty (20) days** from the date of entry of this order. Respondents' reply, if any, to petitioner's response shall be filed within **seven (7) days** of the date that petitioner's response is filed. **No further extensions of time will be granted regarding the briefing of the pending motion to dismiss.**

**IT IS FURTHER ORDERED** that petitioner's motion to file supplemental points and authorities in support of his petition (ECF No. 19) is **DENIED.**

Dated this 19th day of December, 2014.

_____
UNITED STATES DISTRICT JUDGE