# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM R. LYONS,<br><br>            Petitioner,<br><br>vs.<br><br>ISIDRO BACA, *et al.*,<br><br>            Respondents. | Case No. 3:14-cv-00173-HDM-WGC<br><br>**ORDER** |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (ECF No. 10).

**I. Procedural History**

In the Eighth Judicial District for the State of Nevada, petitioner was charged with multiple counts of sexual assault and lewdness. (Exhibits 1, 2, & 3).[1] Pursuant to a trial, petitioner was convicted of two counts of sexual assault with a minor and eight counts of lewdness with a child under the age of fourteen. (Exhibit 4). Petitioner was sentenced to ten consecutive sentences of life without the possibility of parole. (*Id.*). Petitioner appealed his conviction and sentence. (Exhibit 5). By order filed March 23, 2006, the Nevada Supreme Court affirmed the convictions but reversed the sentence. (Exhibit 10). The state district court filed an amended judgment of

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 11 & 13.

conviction on May 5, 2006, sentencing petitioner to multiple consecutive counts of life with the possibility of parole after a term of years. (Exhibit 12). Petitioner did not file a direct appeal of the amended judgment of conviction.

Petitioner filed a *pro se* post-conviction habeas petition in the state district court on November 6, 2006. (Exhibit 13). Petitioner then filed a motion to dismiss that petition without prejudice. (Exhibit 14). On January 18, 2007, the state district court granted petitioner's motion to dismiss the petition without prejudice. (Exhibit 15).

On February 13, 2007, petitioner filed a second *pro se* post-conviction habeas petition in the state district court. (Exhibit 16). By order filed January 3, 2008, the state district court denied the amended petition. (Exhibit 17). Petitioner appealed the order denying the petition. On May 7, 2009, the Nevada Supreme Court reversed the state district court's decision not to appoint counsel and therefore remanded the matter to the state district court. (Exhibit 18).

After the case returned to the state district court, post-conviction counsel was appointed, and petitioner's counsel filed a supplemental petition on March 5, 2010. (Exhibit 20). The supplemental petition was fully briefed. (Exhibits 21, 22, 23, 24). The state district court held an evidentiary hearing on May 13, 2011. (Exhibit 25). By order filed August 23, 2011, the state district court denied the supplemental petition. (Exhibit 26). The state district court denied petitioner's ineffective assistance of counsel claims as having no merit, and dismissed other claims as defaulted under NRS 34.810 for not having been brought in the direct appeal. (*Id.*). Petitioner appealed the state district court's denial of the supplemental petition. (Exhibit 27). By order filed March 14, 2013, the Nevada Supreme Court affirmed the state district court's denial of the petition. (Exhibit 30). Remittitur issued on April 9, 2013.

Petitioner dispatched his *pro se* federal habeas petition to this Court on April 1, 2014. (ECF No. 2). Respondents have filed the instant motion to dismiss the petition as untimely. (ECF No. 10). By order filed December 19, 2014, the Court denied petitioner's motion for a subpoena *duces tecum* because petitioner has failed to show good cause for this Court to permit discovery. (ECF No. 20). In the same order, the Court granted petitioner an extension of time in which to respond to the motion to dismiss. (*Id.*). On January 2, 2015, petitioner filed an opposition to the motion to

dismiss. (ECF No. 21). No reply was filed by respondents. The Court deems respondents' motion to dismiss fully briefed, and now considers the motion and opposition.

**II. Discussion**

Respondents argue that the federal petition was untimely filed. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during

the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment. 28 U.S.C. § 2244(d).

In the instant case, the amended judgment of conviction was filed on May 5, 2006. (Exhibit 12). Petitioner had thirty days after May 5, 2006, within which to file a direct appeal. Nevada Rules of Appellate Procedure, Rule 4. Petitioner did not pursue a direct appeal from the amended judgment of conviction. Where a petitioner does not appeal from his judgment of conviction, the one-year AEDPA limitations period begins to run on the date on which the time to seek appeal expires. 28 U.S.C. § 2244(d)(1)(a); NRAP 4. Thus, petitioner's conviction became final on June 4, 2006, which was the deadline for filing a direct appeal from the amended judgment of conviction. Petitioner then had 365 days in which to file his federal habeas petition, with tolling of the time for filing during the pendency of a properly-filed application for post-conviction or other collateral review. 28 U.S.C. § 2244(d)(1),(2).

On November 6, 2006, when petitioner filed his first post-conviction habeas petition in the state district court, 155 days of untolled time for filing a federal petition had elapsed. (Exhibit 13). Petitioner moved to dismiss his own petition without prejudice. (Exhibit 14). That proceeding ended on January 18, 2007, when the state district court granted petitioner's motion to dismiss. (Exhibit 15). The AEDPA limitations period was statutorily tolled for 73 days, until petitioner's first post-conviction habeas proceeding concluded on January 18, 2007. 28 U.S.C. § 2244(d)(2). The AEDPA limitations period then started again and 26 days of additional untolled time elapsed before petitioner filed a second post-conviction habeas petition in state district court on February 13, 2007. (Exhibit 16). The AEDPA limitations period was statutorily tolled during the pendency of proceedings on petitioner's second post-conviction habeas petition. 28 U.S.C. § 2244(d)(2). On March 14, 2013, the Nevada Supreme Court entered an order affirming the denial of petitioner's second post-conviction state habeas petition. (Exhibit 30). The period of tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur on April 9, 2013.[2] The

---

[2] The Court notes that none of petitioner's original petitions in the Nevada Supreme Court affected tolling as the petitions preceded the end of the post-conviction tolling period. (Exhibits

-4-

AEDPA statute of limitations began to run again and expired 184 days later, on October 10, 2013. The first page of the federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this Court on April 1, 2014. (ECF No. 1, at p. 1, item 5). This Court deems the petitioner's federal petition to be filed on April 1, 2014. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing). The federal habeas petition was filed untimely on April 1, 2014, which was 174 days after the expiration of the one-year AEDPA limitations period.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a [litigant] to miss a filing deadline . . . does not warrant equitable tolling. *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance

---

30A-32E).

warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). In the instant case, petitioner has failed to make any showing that he pursued his rights diligently and that any extraordinary circumstance prevented him from filing a timely federal petition. Petitioner is not entitled to equitable tolling and the petition must be dismissed as untimely.

**III. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 22nd day of January, 2015.

_Howard D. McKibben_
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE